**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:10-CR-00004-MAC** |
| **v.** § | |
| § | |
| § | |
| **JOSHUA DAVID COWAN** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "1st Amended Petition for Warrant or Summons for Offender Under Supervision" filed September 24, 2021, alleging that the Defendant, Joshua David Cowan, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Cowan was sentenced on September 10, 2010, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession with Intent to Distribute 50 Grams or More of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months. Cowan was subsequently sentenced to 170 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment.

On July 13, 2015, the court granted a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced the imprisonment sentence to 136 months.

## II.  The Period of Supervision

On September 19, 2019, Cowan completed his imprisonment sentence and began service of the initial supervision term in this case. On August 13, 2020, the term of supervised release was revoked, and Cowan was sentenced to a 12-month term of imprisonment to be followed by a 4-year term of supervised release subject to the standard conditions of release plus special conditions to include financial disclosure; drug aftercare; and a 180-day term of community confinement in a residential reentry center.  On May 28, 2021, Cowan completed his term of imprisonment and commenced his term of supervised release.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations.  The petition alleges that Cowan violated the following conditions of release:

> <u>Allegation 1.</u> The Defendant shall not commit another federal, state, or local crime.
>
> <u>Allegation 2.</u>  The Defendant shall participate in a program of testing and treatment for drug and alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.
>
> <u>Allegation 3</u>.  The Defendant reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

## IV.  Proceedings

On September 30, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the third allegation that claimed he failed to reside in a residential reentry center for 180 days. In return, the parties agreed that he should serve a term of 12 months' and 1-day imprisonment, which includes 176 days' unserved community confinement, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to reside in a residential reentry center, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to reside in a residential reentry center for 180 days. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months and one day (which includes 176 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to reside in a residential reentry center for 180 days. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' and one day imprisonment (which includes 176 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow. The Defendant

requested to serve his prison term at the Federal Correctional Institution in Fort Worth. The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 4th day of October, 2021.

_____
Zack Hawthorn
United States Magistrate Judge